**ADAR BAYS, LLC, Plaintiff,**

v.

**AIM EXPLORATION, INC., Defendant.**

**17–CV–1290 (VM)**

United States District Court,
S.D. New York.

Signed April 18, 2017

Michael Myer Steinmetz, Office of Michael M. Steinmetz, Kevin Kehrli, Garson,

706

Segal, Steinmetz, Fladgate LLP, New York, NY, for Plaintiff.

Mark R. Basile, The Basile Law Firm, Melville, NY, for Defendant.

## DECISION AND ORDER

VICTOR MARRERO, United States District Judge.

On February 21, 2017, Plaintiff Adar Bays, LLC ("Adar Bays" or "Plaintiff") commenced this action against Aim Exploration, Inc. ("Aim Exploration" or "Defendant") alleging breach of contract and unjust enrichment. ("Complaint," Dkt. No. 1.)

By letter dated March 13, 2017, Aim Exploration requested that Adar Bays voluntarily dismiss the action or, in the alternative, that the Court schedule a premotion conference regarding Aim Exploration's contemplated motion to dismiss the complaint based on the forum selection clause contained in the note ("Note") upon which Plaintiff's breach of contract claim is based (the "Note Forum Selection Clause"). (See Dkt. No. 9.) The Note Forum Selection Clause states that the parties "consent to exclusive jurisdiction and venue in the courts of the State of New York [.]" (Dkt. No. 13, Ex. B ¶ 14.) Defendant argued that courts in this District have held that language identifying "courts of the State of New York" denotes "sovereignty rather than geography" and that venue is proper in state court only. (Dkt. No. 9.)

By letter dated March 21, 2017, Adar Bays declined to withdraw the Complaint and argued that Aim Exploration failed to address the forum selection clause contained in a securities purchase agreement ("SPA") entered into in conjunction with the Note. (See Dkt. No. 10.) Adar Bays noted that Section 5(a) of the SPA (the "SPA Forum Selection Clause") states that " [a]ny action brought by either party against the other concerning the transactions contemplated by this agreement shall be brought only in the state courts of New York or in the federal courts located in the state and county of New York" and further states that the parties to the SPA "hereby irrevocably waive any objection to jurisdiction of any action instituted hereunder and shall not assert any defense based on lack of jurisdiction or venue or based upon forum non conveniens." (Id.; see also Dkt. No. 13, Ex. A Section 5(a).)

In response to Defendant's pre-motion letter, this Court held a telephone conference with the parties on March 30, 2017, and directed Plaintiff to file an amended complaint and the parties to submit letter briefs addressing the relationship between the Note Forum Selection Clause and the SPA Forum Selection Clause. (See Dkt. Minute Entry for Mar. 30, 2017.)

On April 6, 2017, Adar Bays filed an amended complaint alleging breaches of both the SPA and Note and a letter brief outlining the relationship between the SPA and Note. (See "First Amended Complaint," Dkt. No. 11; Dkt. Nos. 12–13.) Adar Bays argues that the SPA and Note are inextricably linked, as "[t]he Note itself, the conversion right, Plaintiff's right to own and sell Defendant's common stock, and Defendant's obligation to ensure the stock is delivered upon conversion all arise from the terms of the SPA." (Dkt. No. 12.) Adar Bays argues that the two documents are therefore "inextricably linked and the forum selection clauses must be interpreted together as to not render either superfluous." (Id.) Finally, Adar Bays cites to recent authority from this District in which the Court was faced with identical dueling forum selection clauses and held that "the SPA and the Note should be 'read and interpreted together,' since they were executed the same day, involved the same parties, and served the same purpose—

namely to effectuate [Defendant's] sale of a convertible note to Plaintiff[,]" and accordingly that the forum selection clauses must be read to include both federal and state courts located in the state of New York. (Union Capital LLC v. Vape Holdings, Inc., No. 16–cv–1343, Dkt. No. 18, at 5 (S.D.N.Y. Mar. 9, 2016).)

In its letter brief dated April 12, 2017, Aim Exploration argues that the Note Forum Selection Clause necessitates jurisdiction in New York state courts only; the Court reached the wrong result in Union Capital; and that the Note is akin to a contract for a loan and therefore independent from the SPA, which is "nothing more than a simple conditional option ... to acquire stock at some future point by electing to take stock without risk, at a tremendous discount to market, instead of payment in cash from the defendant[.]" (Dkt. No. 14, at 3.)

The Court now construes Aim Exploration's letter briefs as a motion to dismiss the First Amended Complaint. ("Motion," Dkt. Nos. 10, 14.) For the reasons stated below, the Motion is DENIED.

## I. DISCUSSION

### A. LEGAL STANDARD

■ To determine whether dismissal of a claim based on a forum selection clause is warranted, courts in this Circuit must engage in a four-prong analysis:

The first inquiry is whether the clause was reasonably communicated to the party resisting enforcement. The second step requires us to classify the clause as mandatory or permissive, i.e., to decide whether the parties are required to bring any dispute to the designated forum or simply permitted to do so. Part three asks whether the claims and parties involved in the suit are subject to the forum selection clause. If the forum clause was communicated to the resisting party, has mandatory force and covers the claims and parties involved in the dispute, it is presumptively enforceable. The fourth, and final, step is to ascertain whether the resisting party has rebutted the presumption of enforceability by making a sufficiently strong showing that enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching.

Phillips v. Audio Active Ltd., 494 F.3d 378, 383–84 (2d Cir. 2007) (internal citations and quotation marks omitted).

■ Where the parties have agreed in advance on a forum that is exclusive of all others, and where the forum clause was communicated to a resisting party and covers the claims and parties involved in the dispute, the contractual choice of forum is accorded a presumption of enforceability. See id. at 383; see also Midamines Sprl Ltd. v. KBC Bank NV, No. 12 Civ. 8089, 2014 WL 1116875, at *9 (S.D.N.Y. Mar. 18, 2014) ("Under the doctrine of forum non conveniens, a valid forum-selection clause requiring suit in a state or foreign forum must be given 'controlling weight in all but the most exceptional cases.'.") (citing Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for Western Dist. of Texas, —— U.S. ——, 134 S.Ct. 568, 579, 187 L.Ed.2d 487 (2013)).

■ In M/S Bremen v. Zapata Off-Shore Co., the Supreme Court held that this presumption may be rebutted only by a strong showing that the clause should be set aside. 407 U.S. 1, 15, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972). The Second Circuit further elaborated that a mandatory forum selection clause is enforceable unless: "(1) its incorporation was the result of fraud or overreaching; (2) the law to be applied in the selected forum is fundamentally unfair; (3) enforcement contravenes a strong pub-

lic policy of the forum state; or (4) trial in the selected forum will be so difficult and inconvenient that the plaintiff effectively will be deprived of his day in court." Phillips, 494 F.3d at 392.

■ Ordinarily, a forum selection clause stating that " '[a]ny proceeding shall be initiated in the courts of the State of New York, clearly establishes exclusive jurisdiction in New York State courts." Phoenix Global Ventures, Inc. v. Phoenix Hotel Assocs., Ltd., No. 04 Civ. 4991, 2004 WL 2360033, at *6 (S.D.N.Y. Oct. 19, 2004). However, "notwithstanding the fact that other courts have interpreted [such] clauses ... to exclude federal district courts, those cases involved forum-selection clauses viewed in isolation, and not as part of an integrated writing with separate language[.]" Union Capital LLC, No. 16–cv–1343, Dkt. No. 18, at 5. Where interrelated agreements contain competing forum selection clauses, a Court " 'must avoid [an] interpretation[ ] that render[s]' a provision of either agreement superfluous[.]" Id. (citing Hester v. Navigators Ins. Co., 917 F.Supp.2d 290, 296 (S.D.N.Y. 2013)). Accordingly, where the "proposed interpretation of [one agreement's] forum selection clause, which would limit suits ... to New York state courts, would render the [competing] forum-selection provision that expressly covers the Southern District of New York superfluous[,]" the forum selection clause of the former must be read broadly to include "both federal and state courts located in the State of New York." (Union Capital LLC, No. 16–CV–1343, Dkt. No. 18, at 5-6.)

## B. APPLICATION

■ Upon review of the parties' letter correspondence, the agreements at issue, and the pleadings, the Court is persuaded that the relationship between the SPA and Note is readily apparent. The SPA explic-itly details the sale of two "convertible notes"; "conversion of the Note"; and that the "Buyer is purchasing the Note and the issuance of shares of Common Stock issuable upon conversion of or otherwise pursuant to the Note[.]" (See Dkt. No. 13, Ex. A at Preamble, Sections 2(a), 3(c).) The Note in turn outlines the details of and procedures required for the conversion contemplated by the SPA. (See Dkt. No. 13, Ex. B ¶ 4(a).) In addition, both the SPA and the Note contemplate causes of action such as the one brought by Plaintiff; were entered into by the same parties; and were entered into on the same date, on or about November 6, 2014. (See Dkt. No. 13, Ex. A at Section 3(k), Ex. B at ¶ 8; First Amended Complaint ¶¶ 6–7.)

Because the Court finds the SPA and the Note to be inextricably linked, the Court must consider both agreements in conjunction in order to determine whether and how to apply the forum selection clauses at issue. The Court finds that Union Capital, LLC, a case involving competing forum selection clauses identical to those at issue here and contained in agreements entered into for substantially similar transactions, is directly applicable to this case.

Here, the SPA Forum Selection Clause provides:

This Agreement shall be governed by and construed with the laws of the State of New York without regard to principles of conflicts of laws. Any action brought by either party against the other concerning the transactions contemplated by this Agreement shall be brought only in the state courts of New York or in the federal courts located in the state and county of New York. The parties to this Agreement hereby irrevocably waive any objection to jurisdiction and venue of any action instituted hereunder and shall not assert nay defense

based on lack of jurisdiction or venue or based upon forum non conveniens ....

(Dkt. No. 13, Ex. A, Section 5(a).)

The Note Forum Selection Clause provides, in relevant part:

This Note shall be governed by and construed in accordance with the laws of New York applicable to contracts made and wholly to be performed within the State of New York and shall be binding upon the successors and assigns of each party hereto. The Holder and the Company hereby mutually waive trial by a jury and consent to exclusive jurisdiction and venue in the courts of the State of New York ....

(Dkt. No. 13, Ex. B ¶ 14.)

Turning to the four-prong test outlined in Phillips, neither party disputes that the SPA and Note forum selection clauses were reasonably communicated to them. With respect to the SPA Forum Selection Clause, it contains "obligatory" language indicating that any action "shall be brought only" where the clause so designates, and is accordingly mandatory, not permissive. Phillips, 494 F.3d at 386. Regarding scope, "the SPA provision is clearly intended to cover conversion of common stock under the Note which is expressly referenced, and therefore, 'contemplated' by the SPA." Union Capital LLC, No. 16–CV–1343, Dkt. No. 18, at 4.

With respect to the final prong, rebutting the presumption of enforceability, Defendant offers the Note Forum Selection Clause as evidence that enforcing the SPA Forum Selection Clause would be unreasonable or unjust.

Under the Note, the parties "consent to exclusive jurisdiction and venue in the courts of the State of New York." (Dkt. No. 13, Ex. B ¶ 14.) The Note Forum Selection Clause is therefore also obligatory, and it is true that some courts have interpreted similar language to include New York state courts only, not federal courts located within the state of New York. See, e.g., Celerant Tech. Corp. v. Overland Sheepskin Co., No. 06-cv-13457, 2007 WL 431879, at *1 (S.D.N.Y. 2007) (remanding case to state court where the contract forum selection clause provided that " [a]ll claims, actions, disputes, or controversies or suits between the parties shall be litigated exclusively in the courts of the State of New York, County of New York").

■ However, here, as in Union Capital LLC, the Note was not entered into in isolation. The SPA and the Note "were executed the same day, involved the same parties, and served the same purpose, namely to effectuate [Defendant's] sale of a convertible note to Plaintiff." Union Capital LLC, No. 16–cv–1343, Dkt. No. 18, at 4–5. The SPA and the Note should therefore be "read and interpreted together" so as to not render either superfluous. Id. To that end, the Note Forum Selection Clause must be read broadly to encompass both federal and state courts located in the State of New York. Such an interpretation resolves the tension between the SPA Forum Selection Clause and the Note Forum Selection Clause, enables enforcement of both, and ensures neither is rendered meaningless. Accordingly, the Court finds that Defendant has not rebutted the enforceability of the SPA Forum Selection Clause; that this Court has jurisdiction over the action; and that venue is proper in this District.

## II.  ORDER

For the reasons set forth above, it is hereby

**ORDERED** that the motion ("Motion," Dkt. Nos. 10 and 14) of defendant Aim Exploration, Inc. ("Aim Exploration") to dismiss plaintiff Adar Bays, LLC's ("Adar

Bays") First Amended Complaint (Dkt. No. 11) based on the forum selection clause contained in the Note entered into by the parties is **DENIED.**

**SO ORDERED.**